Markowitz, J.
(dissenting). I dissent from so much of the Per Curiam as holds that the verdicts are excessive. In my judg *562 ment, the amount of the verdicts does not shock the conscience and should not he disturbed.
Fixing the quantum of damage- resulting from personal injuries is peculiarly the function of a jury. There is nothing in the record which justifies our replacing the jury in this case. To the contrary, the record makes clear that the jury carefully considered the question of damages 'and reached its conclusions with full knowledge of the facts. Defendant offered no medical evidence of its own and, basically, merely seeks another bite to the apple because dissatisfied with the result of its earlier tactical moves.
My view is confirmed by the amount my brethren recommend as substitute recoveries. Reducing a $7,500 verdict to $5,000, a $5,000 verdict to $3,000, a $2,500 verdict to $1,500, a $5,000 verdict to $3,000, and $1,250 to $750, hardly indicates bias or passion "or inadequate consideration by the jury — particularly where the verdict was reached on uncontradicted testimony.
Credibility was for the jury; not for us. Plaintiff’s car was rather badly damaged — as a consequence of the accident both sides of plaintiff’s car buckled and the front seat was jarred loose. Mr. King was under treatment for a period of three and a half months. He was hospitalized between July 25, 1965 to August 8, 1965. The doctor’s findings included aggravation of an underlying condition leading to 'a stomach ulcer and acute cervical and low back sprains. Surely, if this be so, a $7,500 verdict may not be deemed manifestly excessive. Much the same may be said for the other plaintiffs: Mrs. King was under treatment from July 16,1965 until September 27,1965. If the uncontradicted testimony of her doctor is accepted as true, a $5,000 verdict in her case was also not unjustified. So also as to the verdict in favor of Margaret Magazine. She was under treatment between July 16,1965 and October 29,1965. If her doctor was believed, and he obviously was, the $5,000 verdict in her favor was not shocking. The smaller verdicts have similar foundation in the uncontested testimony of the doctors. They ate accordingly firmly based.
The Judge’s charge was extensive and fair to both sides. Defendant’s counsel took only a general exception “ to the last part” of the charge without specifying what he objected to. The jury asked for further instructions on the subject of damages and was instructed as agreed with counsel for both sides. The verdict was unanimous. In short, the verdicts represent the considered opinion of the jury. "Whether or not we would have granted like amounts were we the triers of the facts, these ver *563 diets are binding on us unless outrageously high. On the record before us the verdicts may not be so characterized.
I vote to affirm.
Quran, J. P., and Lupianu, J., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Judgment reversed unless, etc.